UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALISSA FLORES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00995-KES-CDB<br><br>ORDER ON PARTIES' STIPULATED REQUEST TO EXTEND CASE MANAGEMENT DATES<br><br>(Doc. 20) |

Pending before the Court is the parties' joint stipulated request to extend by 90 days all case management dates, filed May 20, 2025 -- the deadline for the completion of nonexpert discovery. (Doc. 20). In support of the request, the parties state that Plaintiff failed to appear for her deposition and, as such, it will be "extraordinarily difficult to meet all discovery deadlines." (*Id.* at 1). The parties represent that the declaration of Kimberly L. Marshall is attached to the stipulation; however, no such declaration is present in the filing or on the docket.

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

1     "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly
2 disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of
3 Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the
4 judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

5
6
7
8
> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

9 *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause'
10 standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d
11 at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the
12 scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry
13 should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302
14 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

15     Here, the parties do not attach an affidavit or declaration to their stipulated request, as
16 required by the scheduling order. (Doc. 13 at 9, noting "Stipulations extending the deadlines
17 contained herein will not be considered unless they are accompanied by affidavits or declarations,
18 and where appropriate attached exhibits, which establish good cause for granting the relief
19 requested") (emphasis omitted).

20     Furthermore, the parties do not demonstrate good cause for a 90-day continuance of all case
21 management dates on the narrow grounds that Plaintiff reportedly failed to appear for her
22 deposition. The parties provide no information about the circumstances – such as, when was the
23 deposition noticed, when was it scheduled, why did Plaintiff fail to appear, did the parties seek to
24 reschedule, why did Defendants not move to compel or for sanctions. (*Id.*, noting "The dates set in
25 this Order are firm and will not be modified absent a showing of good cause even if the request to
26 modify is made by stipulation") (emphasis omitted).

27     Lastly, the parties waited until the day nonexpert discovery closed to seek relief from the
28 Court. (Doc. 13 at 3). In the Eastern District of California, "[r]equests for Court-approved

extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Local Rule 144(d). Instead, this Court's local rules require the parties to seek extensions of case management dates when the need for an extension reasonably becomes evident. *Id.* As such, the parties do not demonstrate due diligence. *See, e.g.*, *Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence" under Local Rule 144).

The Court will grant a limited extension of time within which to complete Plaintiff's deposition. The Court cautions Plaintiff that her failure to make herself available for deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of his action. *E.g., Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) (dismissing action upon plaintiff's failure to appear for continued deposition; *Lugo v. Sham*, No. C00-11-4MMC(JL)(JCS), 2001 WL 348984, at *4 (N.D. Cal. Apr. 5, 2001) (same).

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that the parties' request to extend case management dates (Doc. 20) is DENIED.

It is FURTHER ORDERED that Plaintiff shall appear for and complete her deposition no later than June 4, 2025.

IT IS SO ORDERED.

Dated:   **May 21, 2025**                                  _____
                                                                              UNITED STATES MAGISTRATE JUDGE