UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALISSA FLORES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00995-KES-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Docs. 23, 24) |

   Pending before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. (Docs. 23, 24). The dispute involves the request by Defendants County of Kern, Isaac Azura, Dylan Rice, and Yousef Abou Harb ("Defendants") for terminating and other sanctions following the failures by Plaintiff Malissa Flores ("Plaintiff") to appear for her original, duly noticed deposition and a re-noticed deposition following her first failure to appear. *Id.*

   The parties appeared via video teleconference (Zoom) for an informal discovery dispute conference on July 8, 2025. Plaintiff appeared through counsel Gregory Paul Peacock and Defendants appeared through counsel Kimberly L. Marshall. (Doc. 25). During the conference, counsel for the parties largely agreed upon a remedy proposed by the Court that is short of terminating or evidentiary sanctions.

   Accordingly, without objection from the parties and for the reasons set forth and preserved

on the record, the Court will grant one final limited extension of time within which to complete Plaintiff's deposition. *See* (Doc. 21) (granting a 14-day extension of time upon the close of nonexpert discovery to complete Plaintiff's deposition following her first failure to appear). The Court again cautions Plaintiff that her failure to make herself available for deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of his action. *E.g., Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) (dismissing action upon plaintiff's failure to appear for continued deposition; *Lugo v. Sham*, No. C00-11-4MMC(JL)(JCS), 2001 WL 348984, at *4 (N.D. Cal. Apr. 5, 2001) (same). *Cf. Roth v. AIG*, No. 2:24-cv-01124-TLN-CKD, 2025 WL 216266, at *3 (E.D. Cal. Jan. 16, 2025) (evidentiary sanctions not warranted where plaintiff's single failure to appear for deposition occurred more than three months before close of fact discovery and plaintiff had not previously been warned by the court that a failure to appear would result in sanctions).

Defendants also have requested the Court impose financial sanctions against Plaintiff for her failures to appear for deposition. When a discovery motion is "granted in part and denied in part, the court ... may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In addition, when a party "fails, after being served with proper notice, to appear for that person's deposition," the court "must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Without objection from the parties and for the reasons set forth and preserved on the record, the Court finds under Rule 37 that the total amount of $2,777.15 reflects Defendants' reasonably incurred costs resulting from Plaintiff's failure to appear for her depositions. *See* (Docs. 24, 25) (documenting court reporter and videographer costs). Although Defendants also seek recovery of attorney's fees, for the reasons set forth and preserved on the record and without objection from counsel for Defendants, the Court declines at this point to award attorney's fees. *See, e.g.*, *MG Premium Ltd. V. Does*, No. CV 21-8533-MCS (KKx), 2023 WL 4291526, at *6-7 (C.D. Cal. June

8, 2023) (awarding attorney's fees and costs for court reporter, videographer, and transcript preparation resulting from plaintiff's failure to appear for deposition).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. No later than 3:00pm on July 8, 2025, counsel for Plaintiff SHALL:
    a. Obtain Plaintiff's availability to appear for deposition no later than July 11, 2025; and
    b. Initiate meet and confer efforts with counsel for Defendants to schedule Plaintiff's deposition.
2. No later than July 11, 2025, Plaintiff SHALL appear for and complete her deposition.
3. No later than July 17, 2025, Defendants SHALL apply to the Court for any relief from the scheduling order to reopen expert discovery, as necessary, only following good faith efforts to meet/confer with Plaintiff about mutually agreeable parameters for a limited reopening of expert discovery relating to topics newly revealed during Plaintiff's forthcoming deposition.
4. Plaintiff SHALL pay to Defendants the sum of $2,777.15 as reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), (d)(3) within 21 days of the date of this order.

IT IS SO ORDERED.

Dated: **July 8, 2025**

UNITED STATES MAGISTRATE JUDGE

3